**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTIAN WILLIAMS,

Plaintiff - Appellant,

v.

ROXANNE GONZALEZ; CALIFORNIA DEPARTMENT OF STATE HOSPITALS - COALINGA,

Defendants - Appellees.

No. 24-6014

D.C. No. 2:23-cv-00878-DAD-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 29, 2026**

Before:     McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Christian Williams appeals pro se from the district court's judgment

dismissing his claims against federal officer Roxanne Gonzalez and remanding the

remaining claims to state court.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's claims against Gonzalez as barred by quasi-judicial immunity. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." (quoting *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987))); *see also In re Gilman*, 176 F.4th 1152, 1167 (9th Cir. 2026) (en banc) (explaining that "quasi-judicial immunity insulates [an official] from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives" (citation and internal quotation marks omitted)); *Miller v. Davis*, 521 F.3d 1142, 1147-48 (9th Cir. 2008) (explaining exceptions to quasi-judicial immunity).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**